UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ANDREW CIVIL,

                         Plaintiff,                      15 CV 4853 (JG) (RER)

        -against-

                                        **AMENDED COMPLAINT**

CITY OF NEW YORK, KIMBERLY L.
GUNN, JOVANNI JENNINGS, and
JOHN DOES 1-6,

                   Defendants.              **PLAINTIFF DEMANDS
A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Andrew Civil, by his attorneys, Lumer & Neville, as and for his

Amended Complaint, hereby alleges as follows, upon information and belief:


### PARTIES, VENUE and JURISDICTION

        1.        At all times hereinafter mentioned, plaintiff Andrew Civil was an adult

male resident of Kings County, in the State of New York.

        2.        At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

        3.        At all relevant times hereinafter mentioned, defendant Kimberly L.

Gunn (Shield 30099) was employed by the City of New York as a member of the NYPD.

Defendant Gunn is sued herein in her individual capacity.

4.     At all relevant times hereinafter mentioned, defendant Jovanni Jennings (Shield 5326) was employed by the City of New York as a member of the NYPD. Defendant Jennings is sued herein in individual capacity.

5.     At all relevant times hereinafter mentioned, defendants John Doe 1 through 6 were employed by the City of New York as members of the NYPD.  The Doe defendants' identities are unknown to plaintiff at this time.  The Doe defendants are sued herein in their official and individual capacities.

6.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

8.     On May 23, 2013, at about 12:30 a.m., plaintiff was sitting in his mother's vehicle, a 2011 Nissan Pathfinder, in the driveway of his apartment complex, at 615 East 79th Street, in Brooklyn, New York.

9.     While plaintiff was lawfully in the vehicle, he was approached by four (4) to six (6) police officers, including Defendants Gunn and Jennings.

10.     The police officers stated that the 2011 Nissan Pathfinder was a stolen vehicle. Plaintiff explained that the vehicle in fact belonged to his mother and he showed

2

them her registration and related documentation.

11.     Despite the absence of any grounds for plaintiff's seizure or arrest, plaintiff was handcuffed and arrested.

12.     Plaintiff was eventually brought to a local area NYPD station house, where his arrest was processed.

13.     Plaintiff was transported to Kings County Central Booking, where he was held for an additional period of time.

14.     While plaintiff was imprisoned by the defendants, defendant Gunn completed arrest paperwork wherein she claimed that she observed plaintiff "in possession of a quantity of marijuana that was burning and open to public view" and that she "recovered a cigarette wrapper containing said quantity of marijuana" from plaintiff's hand.

15.     These allegations were false and Gunn knew them to be false at the time they were made.  Plaintiff was not in possession of marijuana at the time the police officers approached him, nor did the police officers have any basis making this accusation. In fact, at the time of plaintiff's arrest, the police officers claimed he was arrested on grounds of grand auto theft, not the alleged possession of marijuana.

16.     Gunn forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the plaintiff's criminal prosecution.

17.     Gunn knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of her

claims and statements, and assuming that all of these factual statements and claims Gunn was relaying were truthful in all material respects.

18.    Gunn further knew and understood that she was obligated to provide any and all exculpatory information to the KCDA and that she was expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

19.    As a direct result of these allegations by Gunn, the plaintiff was criminally charged by the KCDA under docket number 2013KN039401 with criminal possession of marijuana in the fifth degree and unlawful possession of marijuana.

20.    Plaintiff did not possess marijuana at the time of his arrest, nor did he engage in any conduct that defendants could reasonably have believed was unlawful or criminal.  The statements made by Gunn in her arrest paperwork and in her communications to the KCDA to suggest that plaintiff was engaged in criminal or unlawful conduct were materially false and deliberately misleading.

21.    Plaintiff was eventually arraigned, at which time he agreed to accept an adjournment in contemplation of dismissal.

22.    At no time prior to or during the encounter did probable cause to arrest the plaintiff exist, nor was it reasonable for the defendants to believe that there was probable cause to arrest plaintiff.

23.    At all relevant times herein defendant Jennings was aware that there was no probable cause to arrest plaintiff and that Gunn was fabricating evidence to justify

4

the arrest and detention of plaintiff.

24. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the other individual defendant(s) against the plaintiff.

25. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

26. That at all times relevant herein, the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

27. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

28. The individual defendants willfully and intentionally seized and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

29. By so doing, the individual defendants subjected the plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States

Constitution.

30.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

31.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

32.     The individual defendants willfully and intentionally fabricated evidence and denied plaintiff a fair trial by falsely claiming that they recovered marijuana from plaintiff's possession and saw the wrapper of a marijuana cigarette in his hand, and then forwarded these materially false factual claims to the KCDA in order to justify their arrest of plaintiff, to cause the initiation of criminal process against plaintiff, and which resulted in the deprivation of his liberty.

33.     By so doing, the individual defendants, individually and collectively, subjected the plaintiff to the deprivation of his right to a fair trial through the use of fabricated evidence, and thereby violated, and aided and abetted in the violation of plaintiff's rights under the Sixth and Fourteenth Amendments of the United States Constitution.

34.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, monetary damages, incarceration and the deprivation of liberty, and the loss of his

6

constitutional rights.

## THIRD CAUSE OF ACTION

35.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

36.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

37.     Defendants had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, use of fabricated evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

38.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an

NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the use of fabricated evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

39.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

40.     The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

41.     The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States.

42.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

43.     Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was

deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of the plaintiff's constitutional rights.

44.    By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

*Remainder of Page Intentionally Blank*

9

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.     on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii.    on the second cause of action, actual and punitive damages in an amount to be determined at trial; and

iii.   on the third cause of action, actual damages in an amount to be determined at trial; and

iv.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

v.     such other relief as the Court deems just and proper.

Dated: New York, New York
       March 7, 2016

                                LUMER & NEVILLE
                                Attorneys for Plaintiff

                        By: _____
                                Michael Lumer (ML-1947)
                                225 Broadway, Suite 2700
                                New York, New York 10007
                                (212) 566-5060